# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Condair Group AG, | Case No. 21-cv-863 (PJS/ECW) |
| Plaintiff, | |
| v. | **PRETRIAL SCHEDULING ORDER** |
| Dri-Steem Corporation, | **(PATENT FORM)** |
| Defendant. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3 or sua sponte by the Court.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines. The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the Court timely informed of developments in the case that could significantly affect the case management schedule.[1]

---

[1] Parties who agree by stipulation to seek a modification of this Scheduling Order may submit the stipulation with the proposed order to the Court without a motion and do not need to file a formal motion; however, the stipulation must meet the requirements of Local Rule 16.3.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes.

The parties will further discuss a plan and protocol for any electronic discovery and any preservation issues and will present any disputes to the Court by September 1, 2021, by letter filed on CM/ECF. The parties are advised that an e-Discovery Guide is available on the Court's website ***http://www.mnd.uscourts.gov***.

## DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **August 17, 2021**.

2. The parties must commence fact discovery procedures in time to be completed on or before **April 22, 2022**.

## ADDITIONAL DISCOVERY LIMITATIONS

The following discovery limitations apply:

1. No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by either side.

2. No more than 100 document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B)-(C). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 35 requests for admissions shall be served by each side, not including requests to admit authenticity of documents.

4. No more than 80 hours of factual depositions, including third-party and Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by each side.

5. The parties have discussed the procedures for noticing and taking 30(b)(6) depositions and agree to the following: **Each party is limited to a total of 10 hours for a Rule 30(b)(6) deposition, inclusive of all designated Rule 30(b)(6) representatives.**

6. The following additional limitations on discovery procedures apply: **A party obtaining discovery from a third party must provide the discovery to the opposing party without delay and without the need for a formal request for the discovery from the opposing party**.

7. Defendant may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until **February 21, 2022**, provided that all relevant privilege documents are produced no later than **February 21, 2022**. All additional discovery regarding the waiver will take place after **February 21, 2022** and must be completed by **April 27, 2022**.

## PATENT SPECIFIC DEADLINES AND DISCLOSURES

1. If a party believes the other party's patent specific disclosures do not satisfy the requirements of this Scheduling Order, the party must notify the other party within **14 days of service**. The parties must meet and confer to attempt to resolve any disputes regarding compliance with the Scheduling Order, and any disputes must be promptly brought to this Court's attention in a manner compliant with the procedures below for discovery disputes.

2. Plaintiff's (which includes any party who alleges infringement) Infringement Claim Charts

    (a) Plaintiff's Claim Chart must be served on or before **October 4, 2021**.

    (b) Plaintiff's Claim Chart must provide a complete and detailed explanation of:

        (i) Which claim(s) of the asserted patent(s) it alleges are infringed;

        (ii)    Which specific product(s) or method(s) of Defendant literally infringe each claim;

        (iii)    Where each element of each claim is found in each product or method, including the basis for each contention that the element is present; and

        (iv)    If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff must separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, Plaintiff must also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

(c)    Plaintiff may amend its Claim Chart only by leave of the Court for good cause shown. By way of example, absent undue prejudice to the non-moving party, good cause could include Plaintiff's discovery of new information that was only made available to Plaintiff through discovery, assuming diligence in pursuing such discovery. Amendments to the chart may only address the newly discovered information and leave of Court must be sought no later than **30 days** after the new information is made available.

(d)    If Plaintiff seeks leave to amend its Claim Chart, it will meet and confer with Defendant before filing a motion. If the parties do not agree and the dispute is not resolved, Plaintiff may file its motion pursuant to Local Rule 7.1.

3.    Defendant's (which includes any party accused of infringement) Responsive Claim Chart

    (a)    Defendant's Responsive Claim Chart must be served on or before **November 3, 2021**.

    (b)    Defendant's Responsive Claim Chart must indicate with specificity which elements on Plaintiff's Claim Chart it admits are present in their accused device or process, and which they contend are absent, including in detail the basis for their contention that the element is absent. And, as to the doctrine of equivalents, Defendant must indicate on its chart its contentions concerning any differences in function, way,

and result, and why any differences are substantial.

    (c)    Defendant may amend their Responsive Claim Chart only by leave of Court for good cause shown. Defendant, however, may amend their Claim Chart within **30 days** of the service of an amended Claim Chart by Plaintiff to address Plaintiff's amended Claim Chart without seeking leave of Court.

4.    Defendant's (which includes any party accused of infringement) Invalidity Chart

    (a)    Defendant's Invalidity Chart must be served on or before **October 18, 2021**.

    (b)    Defendant's Invalidity Chart must list all of the prior art on which it relies and provide a complete and detailed explanation with respect to:

        (i)    Which claim(s) alleged to be infringed are invalid;

        (ii)    Which specific prior art, if any, invalidates each claim;

        (iii)    Where in such prior art each element of the allegedly invalid claims may be found; and

        (iv)    Whether a basis for invalidity other than prior art is alleged, specifying what the basis is and whether such allegation is based upon 35 U.S.C. §§ 101, 102, 103, 112, or another statutory provision.

    (c)    Defendant's Invalidity Chart may only be amended for good cause. By way of example, absent undue prejudice to the non-moving party, good cause could include Defendant's discovery of material prior art, assuming Defendant was diligent in its search. Amendments to the chart may only address the new information, and leave of Court must be sought no later than **30 days** after the new information is made available.

    (d)    A prior art statement may be submitted in the form of expert reports. If a prior art statement is submitted in the form of expert reports, the deadlines for the Invalidity Chart govern and are not extended by the expert discovery deadlines.

5.     Plaintiff's (which includes any party who alleges infringement) Response to Invalidity Chart

    (a)     Plaintiff's response to Defendant's Invalidity Chart must be served on or before **November 17, 2021**.  Plaintiff must respond specifically to each allegation of invalidity set out in Defendant's Invalidity Chart, and include Plaintiff's position on why the prior art or other statutory reference does not invalidate the asserted patent claims.

    (b)     Plaintiff's response to Defendant's Invalidity Chart may only be amended for good cause shown.  Plaintiff, however, may amend its response within **30 days** of the filing of an amended Invalidity Chart by Defendant to address Defendant's amended Invalidity Chart without seeking leave of Court.

6.     Claim Construction Exchanges

    (a)     The parties must simultaneously exchange a list of claim terms, phrases, or clauses that the party believes need to be construed by the Court by **November 18, 2021**, at an agreed upon time.

    (b)     The parties must simultaneously exchange their proposed constructions for each of the terms, phrases, or clauses on the list by **November 29, 2021**.

    (c)     The parties must identify and produce copies of any extrinsic evidence they contend support their respective claim constructions when exchanging their preliminary constructions.  If an expert is proposed, the party must provide the identification of the expert and summary of that expert's proposed testimony by when exchanging their preliminary constructions.

    (d)     The parties must meet and confer by **December 6, 2021**, to attempt to resolve disputes and narrow the list of terms, phrases, or clauses that they believe require the Court's claim construction.

7. Request for Claim Construction hearing and Joint Statement to the Court

    (a)    If the parties request a claim construction hearing, they must jointly contact the Courtroom Deputy to Judge Schiltz no later than **December 10, 2021**, to obtain a hearing date that is not less than **42 days** after the parties' Joint Statement is filed on the date stated below in (b).  The parties must be prepared to state the number of claim terms still at issue and offer proposals for time limitations for the hearing when obtaining the hearing date.  Counsel should endeavor to accept the earliest date the Court has available within this time frame to keep the events and deadlines set forth in this Scheduling Order on track.

    (b)    The parties must file their Joint Statement no later than **December 20, 2021**.  The statement must include the following:

        (i)    The date of the claim construction hearing, unless the parties were advised by Judge Schiltz's Courtroom Deputy that the Court would set a date or determine if a hearing was necessary after the parties filed the Joint Statement;

        (ii)    Any request for an informal pre-claim construction conference to discuss proposals to simplify or streamline the claim construction process before any claim construction hearing is scheduled.  The parties must also propose timing and topics for discussion;

        (iii)    A list of terms, phrases, or clauses, and constructions on which the parties agree;

        (iv)    A list of terms, phrases or clauses that they believe require the Court's claim construction.  The parties must also identify all references from the patent specification or prosecution history to support their separate proposals for each term, phrase, or clause.  They must also identify any extrinsic evidence on which they intend to rely either in support of their proposed construction or to oppose any other party's proposed construction;

  (v) The identity of every witness, including experts, that any party proposes to offer testimony relating to claim construction; and for each expert, a summary of the opinion to be offered in sufficient detail to permit a meaningful deposition of the expert;

  (vi) Proposals for any technology tutorial as part of claim construction;

  (vii) A proposed briefing schedule for claim construction. The parties must meet and confer to discuss a briefing schedule to propose to the Court. The parties' proposed briefing schedule must propose an efficient way to present the claim construction issues to the Court without unnecessary duplication. The proposed schedule should also ensure that the parties' arguments to support their positions organizationally align.

8. Claim Construction Hearing and Briefing Schedule

(a) Following the receipt of the parties' Joint Statement, the Court will issue an order:

  (i) Confirming the date and time of the claim construction hearing, if any, and any time limitations;

  (ii) Informing the parties on whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

  (iii) Informing the parties on whether the extrinsic evidence in the form of testimony must be in the form of affidavits or in the form of live testimony; and

  (iv) Providing a briefing schedule.

(c) The parties may jointly request that the hearing be canceled following their submission of the Joint Statement.

(d) If a party's claim construction proposals are not adopted by the Court or the Court issues a claim construction different from either parties' proposals, a party may request permission to amend their contentions, only related to that particular term/phrase. Such requests must be made to the magistrate

> judge no later than **30 days** after the Court's claim construction order.

## DEADLINES FOR EXPERT DISCOVERY

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. Plaintiff anticipates calling up to 2-3 experts. Defendant anticipates calling up to 2-3 experts. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by the party with the burden of proof on or before **April 11, 2022**.

    Disclosures by the party with the burden of proof on or before **May 11, 2022**.

    b) Rebuttal identities and disclosures on or before **June 9, 2022**.

3. Expert discovery, including depositions, shall be completed by **July 1, 2022**.

4. If a claim construction order is not issued by the District Court prior to the deadline for initial expert disclosures, the parties are on notice that their experts should address both parties' respective positions. In the event the Court issues a claim construction order that adopts a claim construction different from either parties' proposals, the party may seek to amend the scheduling order to permit limited discovery or to update the expert reports only as to the Court's different claim construction. Such request must be made to the magistrate judge no later than **30 days** after the Court's claim construction order.

5. Draft expert reports are not discoverable.

9

## NON-DISPOSITIVE MOTION DEADLINES

1. Except as otherwise specifically set forth this section, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **October 8, 2021**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

2. Except as otherwise specifically set forth this section, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **May 6, 2022**.

3. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **July 15, 2022**.

## DISCOVERY DISPUTES

Before moving for an order relating to discovery, the movant must request an informal conference with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Magistrate_Wright_Chambers@mnd.uscourts.gov stating:

    a) the discovery dispute;

    b) whether all parties agree to informal dispute resolution; and

    c) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

**NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling or emailing Magistrate Judge Wright's Courtroom Deputy/Judicial Assistant at 651-848-1890 or Magistrate_Wright_Chambers@mnd.uscourts.gov prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, the Courtroom Deputy/Judicial Assistant must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and

remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits. Your arguments should be precise. To the extent a burden is asserted, support for this position must be included. One suggested approach is set forth below.

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits in order to understand the:

- requests at issue;

- responses and basis for objections;

- parties' positions after their meet and confer sessions;

- legal arguments; and

- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

## **INFORMAL DISPUTE RESOLUTION**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. Typically, if the informal dispute resolution ("IDR") process is used, the matter is not briefed and declarations and sworn affidavits are not filed. Consequently, the matter is not appropriate for appeal to the District Judge or the Federal Circuit. Therefore, all parties must agree to use the IDR process. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the parties must jointly contact chambers to schedule a telephone hearing. The parties will then be allowed to each submit a short letter setting forth the issue(s) to be resolved. If not otherwise specified by the Court, the letter submissions shall be no more than three (3) pages in length and should be served and submitted at least two (2) business days before the telephone conference.

If the parties wish to proceed with IDR in a manner other than that outlined above, they should notify chambers of their specific proposal when they jointly contact chambers to schedule the telephone hearing.

**DISPOSITIVE MOTIONS**

All dispositive motions (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be served, filed, **and heard** on or before **September 9, 2022**.

Counsel for the moving party shall call Judge Schiltz's Courtroom Deputy at 612-664-5483 to schedule the hearing. Parties are reminded that the scheduling of a dispositive motion requires considerable advance notice (typically three to four months). Parties should attempt to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.

All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response or reply brief is filed on ECF, two paper courtesy copies (three-hole punched and unstapled, and if warranted, exhibits appropriately tabbed) of the pleading and all supporting documents shall be mailed or delivered to Judge Schiltz's Courtroom Deputy at the same time as the documents are posted on ECF.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

**PROTECTIVE ORDER**

The parties intend to seek a protective order.  The parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree, on or before **September 1, 2021**.  The parties are encouraged to consult the Court's suggested protective order form in preparing a proposed protective order for entry by the Court (*https://www.mnd.uscourts.gov/sites/mnd/files/forms/Stipulation-for-Protective-Order-Form.pdf* or *https://www.mnd.uscourts.gov/sites/mnd/files/Forms/Stipulation-for-Protective-Order-Form.docx*).  No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case.  The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures.  If any document or information responsive to discovery served in this case is deemed confidential by the producing party and a protective order has not yet been entered, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).  After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.  Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

**HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases, effective February 27, 2017, and any amendments to that Local Rule.  If a joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule.  For example:

(A)   Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:

   (i)   briefly describe the document;

   (ii)   explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

   (iii)   identify any nonparty who has designated the document or

16

information in the document as confidential or proprietary.

(B) Party to File Joint Motion.  Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website."  The current form includes a list of example explanations in a footnote.  The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing. *See* **https://www.mnd.uscourts.gov/sites/mnd/files/forms/Joint-Motion-Form.pdf**.

**SETTLEMENT CONFERENCE**

A settlement conference will take place on **May 4, 2022.**  A separate Order for Settlement Conference will be issued.

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution.  In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling.  Such requests shall be

submitted by email to Magistrate_Wright_Chambers@mnd.uscourts.gov.  The Court will treat *ex parte* requests as confidential unless otherwise advised.

**TRIAL**

This case will be ready for a **jury** trial on or about **January 9, 2023**.

Date:   August 18, 2021

>  *s/Elizabeth Cowan Wright*
>  ELIZABETH COWAN WRIGHT
>  United States Magistrate Judge