UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Condair Group AG,　　　　　　　　　　　　　Case No. 21-cv-863 (PJS/ECW)

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Dri-Steem Corporation,

　　　　　Defendant.

　　　　This matter is before the Court upon the parties' Joint Motion Regarding Continued Sealing (Dkt. 178) pursuant to Local Rule 5.6 concerning documents filed under seal relating to Defendant Dri-Steem Corporation's Motion to Strike and Exclude the Opinions of David Haas Regarding Lost Profits for Replacement Parts, as well as the parties' Joint Motion Regarding Continued Sealing (Dkt. 197) pursuant to Local Rule 5.6 concerning documents filed under seal in connection with Defendant Dri-Steem Corporation's Motion for Summary Judgment of Invalidity.

　　　　American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought

before a court for resolution, it is no longer solely the parties' case, but is also the public's case.").

Here, the parties agree that Docket Entries 137, 144, 159, 159-2, 159-5, 172, 172-7, 172-9, 172-10, 172-11, 172-12, 172-14, 172-15, and 182 should be unsealed. (Dkt. 178 at 2, 4; Dkt. 197 at 2-3, 6-8.) As such, these documents will be unsealed in accordance with the Local Rules.

The parties agree or otherwise do not object to the continued sealing of Docket Entries 137-1, 137-2, 137-3, 137-4, 137-5, 137-6, 137-7,[1] 144-1, 144-2, 144-3, 144-4, 144-5, 144-6, 144-7, 144-8, 159-1, 159-3, 159-4, 159-6, 159-7, 159-8, 159-9, 159-10, 159-11, 159-12, 159-13, 159-14, 159-15, 159-16, 159-17, 159-18, 171, 172-4, 172-8, and 182-2, on the basis that these documents contain non-public and confidential information regarding Plaintiff's and Defendant's businesses and product development processes, confidential settlement communications, testimonies describing confidential information, and expert reports and other materials designated as "Confidential" or "Highly Confidential – AEO" pursuant to the Protective Order. (Dkt. 178 at 2-5; Dkt. 197 at 2-6, 8.) In addition, the parties agree to the continued sealing of the following Docket Entries:

---

[1]   The parties seek the continued sealing of docket entry "137-8," which they describe as Defendant's exhibit 18, "Excerpt of Deposition Transcript of D. Haas designated as 'Confidential – Attorneys' Eyes Only." (*See* Dkt. 178 at 3.) However, it appears the parties inadvertently stated docket entry "137-8," instead of docket entry 137-7, as there is no docket entry 137-8 on the record and docket entry 137-7 is Defendant's exhibit 18 relating to an excerpt of the deposition transcript of David Haas taken on September 22, 2022. (*See* Dkt. 137-7 at 1-20.)

135, 143, 150,[2] 181, and 186, noting that their redacted versions have been filed. (Dkt. 178 at 2, 4; Dkt. 197 at 2, 8.) However, Plaintiff stated that redaction of Docket Entry 171 was impracticable and thus Docket Entry 171 was filed under seal without a redacted version. (Dkt. 174; *see* Dkt. 171.) Docket Entry 171 is Plaintiff's Memorandum in Opposition to Dri-Steem's Motion for Summary Judgment of Invalidity, and having reviewed the brief, the Court sees no reason why it cannot be redacted. Moreover, it is an opposition to a summary judgment motion, and thus the public's right of access is stronger than if the brief were filed in connection with a discovery motion. *See In re Baycol Prod. Litig.*, No. 08-CV-5758 (MJD/ECW), 2021 WL 1893897, at *4 (D. Minn. May 11, 2021). Accordingly, the parties are ordered to file a redacted version of Docket Entry 171 on or before April 5, 2023.

As to the remaining documents, based on the parties' representations and the Court's review of the documents, the Court concludes that the need to maintain the information in Docket Entries 135, 137-1, 137-4, 137-5, 137-6, 137-7, 143, 144-1 144-2, 144-3, 144-4, 144-5, 144-6, 144-7, 150, 159-6, 159-7, 159-8, 159-9, 159-10, 159-12, 159-

---

[2]   The parties state that a redacted version of Docket Entry 150 has been filed at Docket Entry 151. (Dkt. 197 at 2.) However, Docket Entry 151 (now marked "Filed in Error") was Defendant's Brief in Support of Dri-Steem's Motion for Summary Judgment of Invalidity, while Docket Entry 150 (also now marked "Filed in Error") is Dri-Steem's Brief in Support of its Motion to Strike and Exclude the Opinions of David Haas Regarding Lost Profits for Replacement Parts. Because a redacted version of Dri-Steem's Brief in Support of its Motion to Strike and Exclude the Opinions of David Haas Regarding Lost Profits for Replacement Parts was filed at Docket Entry 134, and a redacted version of Defendant's Brief in Support of Dri-Steem's Motion for Summary Judgment of Invalidity was filed at Docket Entry 155, the Court does not order that Docket Entry 150 be unsealed or that a redacted version be filed.

13, 159-14, 159-15, 159-16, 159-17, 159-18, 172-8, 181, and 186 under seal outweighs the public's right of access. *See* Fed, R. Civ P. 5.1; L. R. D. Minn. 5.6(d) *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). However, given that some of these documents were filed in conjunction with a non-dispositive motion, the Court emphasizes that this decision is not determinative as to whether the information in the above docket entries will remain sealed in the future to the extent that it is filed and considered by the Court with respect to future dispositive motions. *See In re Baycol Prod. Litig.*, 2021 WL 1893897, at *4.

Docket Entries 137-2, 137-3, 144-8, 159-1, 159-3, 159-4, 159-11, 172-4, and 182-2, are the parties' expert reports, portions of which contain information not requiring sealing, where Docket Entries 159-1, 159-3, 159-4, 159-11, 172-4, and 182-2 were filed in connection with a dispositive motion. As such, the parties shall file redacted versions of Docket Entries 159-1, 159-3, 159-4, 159-11, 172-4, 182-2 on or before April 5, 2023.

### ORDER

For the reasons stated above, and based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Parties' Joint Motions for Continued Sealing (Dkts. 178 and 197) are **GRANTED** as follows:

    a. Docket Entries 137, 144, 159, 159-2, 159-5, 172, 172-7, 172-9, 172-10, 172-11, 172-12, 172-14, 172-15, and 182 will be **UNSEALED** in accordance with the Local Rules.

    b.    Based on the parties' agreement and the Court's review, Docket Entries 135, 137-1, 137-2, 137-3, 137-4, 137-5, 137-6, 137-7, 143, 144-1, 144-2, 144-3, 144-4, 144-5, 144-6, 144-7, 144-8, 150, 159-6, 159-7, 159-8, 159-9, 159-10, 159-12, 159-13, 159-14, 159-15, 159-16, 159-17, 159-18, 172-8, 181, and 186 will remain **SEALED**.

2.    Docket Entries 159-1, 159-3, 159-4, 159-11, 171, 172-4, and 182-2 will remain **SEALED**, however, the parties shall file redacted versions of these documents **on or before April 5, 2023**.

DATED: March 17, 2023                                                   *s/Elizabeth Cowan Wright*
                                                                                 ELIZABETH COWAN WRIGHT
                                                                                 United States Magistrate Judge